**Sonia Ninette BOLANOS ORTIZ; Juan Carlos Sopon Bolanos, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–72418.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

Stephen Shaiken, Law Office of Stephen Shaiken, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Liza Murcia, Ernesto Horacio Molina, Jr., Esquire, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Sonia Ninette Bolanos Ortiz and her son, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Lim v. INS,* 224 F.3d 929, 933 (9th Cir.2000), and we deny the petition for review.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Substantial evidence supports the IJ's finding that the threatening letters, the visit by the military to lead petitioner's home, and the loss of lead petitioner's job did not amount to past persecution. *See id.* at 936–37. Further, substantial evidence supports the IJ's finding that petitioners did not demonstrate a well-founded fear of future persecution based on the length of time since lead petitioner left Guatemala and evidence of country conditions in the record. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1095–96 (9th Cir. 2002) (When a petitioner has not established past persecution, the agency may "rely on all relevant evidence in the record, including a State Department report, in considering whether the petitioner has demonstrated that there is good reason to fear future persecution."). Accordingly, petitioners' asylum claim fails.

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the IJ's denial of CAT relief, because petitioners failed to establish that it is more likely than not that they would be tortured if returned to Guatemala. *See El Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.